# SECURITY AGREEMENT

THIS SECURITY AGREEMENT entered into between **ECHO MAV, LLC**, a New Mexico limited liability company ("Debtor"), and **HORIZON31, LLC**, a Tennessee limited liability company ("Secured Party") effective the 10th day of March, 2023, as follows:

**1.     Background and Purpose**. Pursuant to an Asset Purchase Agreement of even date (the "Purchase Agreement"), Debtor has executed a promissory note payable to Secured Party in the principal amount of $1,500,000.00 ("Note"). To secure Debtor's obligations under the Note, Debtor has agreed to grant Secured Party a security interest as provided below.

**2.     Grant of Security Interest**. To secure Debtor's Obligations (as defined in Paragraph 3 below), Debtor grants to Secured Party a security interest in the tangible and intangible personal property acquired by Debtor, including general intangibles, goods, equipment, documents, contracts, and other miscellaneous property (hereinafter the "Collateral"). The term "Collateral" shall mean all proceeds and products of any of the personal property described above, in any form, including, without limitation, proceeds of any insurance relating to such Collateral and all replacements, substitutions, renewals, returns, additions, accessions, rents, royalties, issues, documents of ownership, and receipts for any of the foregoing.

**3.     Obligations**. For purposes of this Agreement, "Obligations" means any and all debts, obligations, and liabilities of Debtor to Secured Party arising out of, or relating in any way to the Note, and any obligations of Debtor to Secured Party pursuant to this Agreement, whether existing or arising after the date of this Agreement; whether voluntary or involuntary; whether jointly owned with others; whether direct or indirect; or whether absolute or contingent; and whether or not from time to time increased, decreased, extinguished, created, or incurred.

**4.     Description for property wherever located**. Debtor grants to Secured Party a security interest in all the Collateral described above, wherever it may be located.

**5.     Representations and Warranties**.

As a material inducement to Secured Party under this Agreement, Debtor represents and warrants that the following are and shall remain true and correct:

**5.1     Title**. Debtor is the owner of all right, title, and interest in the Collateral free and clear of all liens, encumbrances, and security interests, except the security interest created by this Agreement.

**5.2     Truth**. All information that Debtor has provided to Secured Party concerning the Collateral is true and correct.

**5.3     Defenses**. No defenses, offsets, claims, or counterclaims exist against Debtor that may be asserted against Secured Party in any proceeding to enforce Secured Party's rights in the Collateral.

DocuSign Envelope ID: 03BB189D-9F77-4230-AF67-CB48FCE71199

Case 3:25-bk-31122-SHB    Doc 11-3    Filed 07/03/25    Entered 07/03/25 18:31:02    Desc
Exhibit Ex. 3 - Security Agreement    Page 2 of 8

**5.4     Conflict**. The execution, delivery, and performance of this Agreement by Debtor is not in violation of any applicable law or regulation or contractual obligation of Debtor.

**5.5     First Priority Lien**.  The liens granted to Secured Party under this Agreement will constitute a first priority lien on the Collateral on the filing of a UCC-1 Financing Statement and Debtor's grant of such lien to Secured Party does not constitute a fraudulent conveyance under any applicable law.

**5.6     Good Standing**.  If Debtor is a corporation, limited liability company, or other type of entity, Debtor is duly organized, validly existing, and in good standing under the laws of the state of its incorporation or formation.

**5.7     Due Authorization**. The undersigned has been duly authorized to execute and deliver this Agreement, which is a valid and binding obligation of Debtor.

**5.8     Survival of Representations and Warranties**.  All of the Debtor's representations and warranties contained in this Agreement shall survive its execution for so long as the indebtedness to Secured Party remains unpaid.

**6.     Covenants of Debtor**

**6.1     Protection of Security Interest**.  Debtor agrees also to execute, file, and record such other statements, notices, and agreements, take such action and obtain such certificates and documents, in accordance with all applicable laws, statutes, and regulations as may be necessary or advisable to perfect, evidence, and continue Secured Party's security interest in the Collateral.

**6.2     Transactions Involving Collateral**.  Debtor shall not, without the prior written consent of Secured Party, (a) sell, offer to sell, or otherwise transfer the Collateral except in the ordinary course of business, or (b) pledge, mortgage, encumber, or otherwise permit the Collateral to be subject to any lien, security interest, or charge, other than the security interest created by this Agreement.

**6.3     Compliance with Laws**.  Debtor shall comply with all laws, statutes, and regulations pertaining to the Collateral.

**6.4     Taxes, Assessments, and Liens**.  Debtor shall pay when due all taxes, assessments, and liens with regard to the Collateral. Debtor may withhold any such payment or may elect to contest any lien if Debtor is conducting appropriate proceedings in good faith to contest the obligation to pay and so long as Secured Party's interest is not jeopardized.

**6.5     Notification of Change in Name**.  The Debtor shall notify the Secured Party in writing of a change in the Debtor's name, identity, or corporate structure, if applicable, within thirty (30) days after the change. The Debtor shall also cooperate with the Secured Party to enable the Secured Party to file either a new UCC-1 Financing Statement or an amendment to the existing UCC-1 Financing Statement to reflect the change and to continue the Secured Party's security interest in the Collateral.

Case 3:25-bk-31122-SHB    Doc 11-3    Filed 07/03/25    Entered 07/03/25 18:31:02    Desc
Exhibit Ex. 3 - Security Agreement    Page 3 of 8

DocuSign Envelope ID: 02BB189D-9F77-4230-AF67-CB48FCE71199

**7.    Authorized Action by Secured Party**.  Debtor irrevocably appoints Secured Party as Debtor's attorney in fact to do any act that Debtor is obligated to do pursuant to this Agreement to preserve or protect the Collateral and to preserve, protect, or establish Secured Party's lien on the Collateral. Debtor further irrevocably appoints Secured Party to exercise such rights and powers as Debtor might exercise with respect to the Collateral following an Event of Default, as defined below. These powers shall include without limitation the right to:

(a)    Collect by legal proceedings or otherwise, and endorse, receive, and receipt all dividends, interest, payments, proceeds, and other sums and property now or after the date of this Agreement payable on account of the Collateral,

(b)    Transfer the Collateral to Secured Party's own or Secured Party's nominee's name, and

(c)    Make any compromise or settlement and take any action Secured Party deems advisable with respect to the Collateral. Debtor agrees to reimburse Secured Party on demand for any costs and expenses, including without limitation attorney fees, which Secured Party may incur while acting as Debtor's attorney in fact under this Agreement, all of which costs and expenses are included in the Obligations secured by this Agreement. Secured Party shall have no obligation to act pursuant to this paragraph and shall not be required to make any presentment, demand, or protest, or give any notice or take any action to preserve any rights against any other person in connection with the Collateral.

**8.    Defaults and Remedies**

**8.1    Event of Default**.  Any of the following events or conditions shall constitute an Event of Default by Debtor under this Agreement:

(a)    Default in payment of the Obligations in accordance with the terms of the Note;

(b)    Default in the performance of any Obligations or breach of any agreement, representation, or warranty contained in this Agreement;

(c)    Any levy or proceeding against the Collateral or Debtor's interest in the Collateral, except if Debtor is conducting appropriate proceedings in good faith to contest the levy or proceeding; or

(d)    The filing of a petition by or against Debtor under the provisions of the Bankruptcy Code.

**8.2    Remedies**.  On the occurrence of an Event of Default, Secured Party:

(a)    Shall have and may exercise all rights and remedies accorded to Secured Party by the Uniform Commercial Code;

(b)    May declare all unperformed Obligations, in whole or in part, of Debtor immediately due and payable without demand or notice; and

(c) May require Debtor to take any and all action necessary to make the Collateral available to Secured Party.

**8.3  Remedies Cumulative**. All of Secured Party's rights and remedies, whether evidenced by this Agreement or by any other writing, shall be cumulative and may be exercised singularly or concurrently. Election by Secured Party to pursue any remedy shall not exclude pursuit of any other remedy.

**9.  Waiver of Hearing**. Debtor expressly waives any constitutional or other right to a judicial hearing prior to the time Secured Party takes possession or disposes of the Collateral on an Event of Default as provided in Paragraph 8 above.

**10.  Waiver**. Secured Party shall not be deemed to have waived any rights under this Agreement unless such waiver is in writing and signed by Secured Party. No delay or omission on the part of Secured Party in exercising any right shall operate as a waiver of such right or any other right.

**11.  Additional Documentation; Cooperation**. Each party shall, on the request of the other, execute, acknowledge, and deliver to the other any instrument that may be required to accomplish the intent of this Agreement. Each party agrees to cooperate to effectuate the intent of this Agreement and shall take all appropriate action necessary or useful in doing so.

**12.  Miscellaneous**

**12.1  Successors and Assigns.** Subject to the provisions otherwise contained in this Agreement, this Agreement shall inure to the benefit of and be binding on the successors and assigns of the respective parties.

**12.2  Notices**. Any notice under this Agreement shall be in writing, and any written notice or other document shall be deemed to have been duly given (a) on the date of personal service on the parties, (b) on the third business day after mailing, if the document is mailed by registered or certified mail, (c) one day after being sent by professional or overnight courier or messenger service guaranteeing one day delivery, with receipt confirmed by the courier, or (d) on the date of transmission if sent by telegram, telex, telecopy, or other means of electronic transmission resulting in written copies, with receipt confirmed. Any such notice shall be delivered or addressed to the parties at the addresses set forth below or at the most recent address specified by the addressee through written notice under this provision. Failure to conform to the requirement that mailings be done by registered or certified mail shall not defeat the effectiveness of notice actually received by the addressee.

SECURED PARTY

Horizon31, LLC
632 Tree Ridge Rd.
Knoxville, TN 3792

DEBTOR

Echo Mav, LLC
℅ William Knowles
8635 W Sahara Ave, Unit 443
Las Vegas, NV 89117

**12.3   Amendment**.  The provisions of this Agreement may be modified at any time by written agreement of the parties. Any such agreement made after the date of this Agreement shall be ineffective to modify this Agreement in any respect unless in writing and signed by Debtor and Secured Party.

**12.4   Attorney Fees; Prejudgment Interest**.  If the services of an attorney are required by Secured Party to secure the performance of this Agreement or otherwise on the breach or default of this Agreement, or if any judicial remedy or arbitration is necessary to enforce or interpret any provision of this Agreement or the rights and duties of any person in relation to this Agreement, Secured Party shall be entitled to reasonable attorney fees, costs, and other expenses, in addition to any other relief to which Secured Party may be entitled. Any award of damages following judicial remedy or arbitration as a result of the breach of this Agreement or any of its provisions shall include an award of prejudgment interest from the date of the breach at the maximum amount of interest allowed by law.

**12.5   Post-Judgment Attorney Fees**.  If the services of an attorney are required by any party to enforce a judgment rendered in connection with this Agreement, the judgment creditor shall be entitled to reasonable attorney fees, costs, and other expenses, and such fees, costs, and expenses shall be recoverable as a separate item. This provision shall be severable from all other provisions of this Agreement, shall survive any judgment, and shall not be deemed merged into the judgment.

**12.6   Captions**.  All paragraph captions are for reference only and shall not be considered in construing this Agreement.

**12.7   Severability**.  If any provision of this Agreement is held by a court of competent jurisdiction to be invalid or unenforceable, the remainder of the Agreement that can be given effect without the invalid provision shall continue in full force and effect and shall in no way be impaired or invalidated.

**12.8** **Governing Law**. The rights and obligations of the parties and the interpretation and performance of this Agreement shall be governed by the law of the State of Tennessee, excluding its conflict of laws rules.

**12.9** **Entire Agreement**. This document and its exhibits constitute the entire agreement between the parties, all oral agreements being merged in this Agreement, and supersede all prior representations. There are no representations, agreements, arrangements, or understandings, oral or written, between or among the parties relating to the subject matter of this Agreement that are not fully expressed in this Agreement or its exhibits.

**12.10** <u>**Waiver of Jury Trial**</u>. **DEBTOR HEREBY WAIVES ANY RIGHT TO A TRIAL BY JURY ON ANY CLAIM, COUNTERCLAIM, SETOFF, DEMAND, ACTION OR CAUSE OF ACTION (A) ARISING OUT OF OR IN ANY WAY PERTAINING OR RELATING TO THIS SECURITY AGREEMENT OR (B) IN ANY WAY CONNECTED WITH OR PERTAINING OR RELATING TO OR INCIDENTAL TO ANY DEALINGS OF THE PARTIES HERETO WITH RESPECT TO THIS SECURITY AGREEMENT, OR IN CONNECTION WITH ANY TRANSACTIONS RELATED THERETO OR CONTEMPLATED THEREBY OR THE EXERCISE OF EITHER PARTY'S RIGHTS AND REMEDIES THEREUNDER.**

[Signatures on next page]

DocuSign Envelope ID: 02BB189D-9F77-4230-AF67-CB18FCE71199

Case 3:25-bk-31122-SHB    Doc 11-3    Filed 07/03/25    Entered 07/03/25 18:31:02    Desc
Exhibit Ex. 3 - Security Agreement    Page 7 of 8

IN WITNESS WHEREOF, the parties hereto have executed this Agreement, intending to be legally bound, as of the date first above written.

**DEBTOR:**

**ECHO MAV, LLC**, a New Mexico limited liability company

By: _____
     *[DocuSigned by: signature]*
     1F681B7C3A97415...

Its: Manager

[SIGNATURES CONTINUED NEXT PAGE]

DocuSign Envelope ID: 02BB189D-9F77-4230-AF67-CB18FCE71199

Case 3:25-bk-31122-SHB    Doc 11-3    Filed 07/03/25    Entered 07/03/25 18:31:02    Desc
Exhibit Ex. 3 - Security Agreement    Page 8 of 8

**SECURED PARTY**:

**HORIZON31, LLC**, a Tennessee limited liability company

By: _____
    *DocuSigned by:*
    470BD9CEF194454...

Its:   Member