# ECHOMAV, LLC

## CONFIDENTIAL INFORMATION NON-DISCLOSURE & TURNOVER AGREEMENT WITH EMPLOYEE/AGENT

     This Confidential Information Non-Disclosure and Turnover Agreement with Employee/Agent (hereinafter the "Agreement") is made by and between Echo MAV, LLC aka "EchoMAV, LLC" (hereinafter EchoMAV, LLC"), and the undersigned individual __Brad Stinson__ (hereinafter "Employee/Agent") employed and/or contracted with EchoMAV, LLC. EchoMAV, LLC has employed in the past and/or will continue to employ Employee/Agent for the discussion, consultation, design, development, implementation, execution and/or of a uncrewed vessels, ground vehicles or unmanned aircraft, including all guidance systems, supporting software and hardware, radio communications and telemetry systems, uncrewed navigation systems, camera systems and all software and hardware subcomponents thereof (hereinafter referred to as the "EchoMAV, LLC Business Activity") and has paid and/or will pay Employee/Agent for such employment (through the payment medium of Outlaw Media, LLC and later Outlaw Solutions, LLC). In connection with the EchoMAV, LLC Business Activity and EchoMAV, LLC's employment of Employee/Agent in such EchoMAV, LLC Business Activity, both EchoMAV, LLC and Employee/Agent (together, "the Parties") recognize that there is and has been a need to explore, develop and disclose to each other and to other Employee/Agents of EchoMAV, LLC certain confidential information developed entirely within and intended to be used only for the EchoMAV, LLC Business Activity.

     The Parties agree that it is critically important for EchoMAV, LLC to protect all such intellectual property claims, entitlements and proprietary interests and business practices, information, data, practices, protocols and other confidential information related to the EchoMAV, LLC Business Activity from dissemination, unauthorized use and/or disclosure to any person who is not an authorized third-party recipient or who is not a paid Employee/Agent of EchoMAV, LLC. In consideration of EchoMAV, LLC's employment and compensation of Employee/Agent in the EchoMAV, LLC Business Activity in the past, at the present time and in his or her future continued employment by EchoMAV, LLC, each of the Parties agrees as follows:

1. For purposes of this Agreement, the following additional definitions shall apply:
    1a. "Trade Secrets" means information, without regard to form, including but not limited to, technical or nontechnical data, processes, compilations, programs, applets, subroutines, libraries, objects and classes of objects, devices, models, test products, end use products, testing systems, testing data, methods, techniques, drawings, processes, financial data, concepts, equipment, computer programs, software, firmware, hardware, algorithms, designs, techniques, financial plans, business or product plans, or a written and verifiable list of actual customers or suppliers related to the EchoMAV, LLC Business Activity defined above, which: (i) derives economic value, actual or potential, for EchoMAV, LLC, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;
    1.b. "Confidential Information" means information, other than Trade Secrets, that is of value to its owner and is treated as confidential, including but not limited to, any of the above-listed data that does not rise to the level of a Trade Secret, and product ideas, future business plans, licensing strategies, advertising campaigns, client lists, inventory management systems, information regarding executives and Employee/Agents, and the terms and conditions of this Agreement;
    1c. "Proprietary Information" means Trade Secrets and Confidential Information;
    1d. "Sources" shall mean all specially-fabricated parts and materials suppliers of EchoMAV, LLC and all end-use purchasers for and of all products sold by EchoMAV, LLC; and,
    1e. "Business Contracts Related to EchoMAV LLC Business Activity" shall mean contracts for the sale, development, marketing, advertising, purchase, or promotion of products that are related to or involved in the EchoMAV LLC Business Activity but shall not include employment as an employee

2. Employee/Agent and EchoMAV, LLC agree that Employee/Agent has been appropriately and properly compensated by EchoMAV, LLC's past payroll payments to Employee/Agent for transfer of any and all intellectual property rights, claims and/or entitlements derived from any and all of Employee's/Agent's work for EchoMAV, LLC concerning EchoMAV business activities, in the past and that all information containing or in any way relating

to Proprietary Information related to or derived from Employee/Agent's past work for EchoMAV, LLC has always been considered and henceforth will only be considered as the sole and exclusive property of EchoMAV, LLC and Employee/Agent hereby waives any property interest in such information. Further, to the extent any intellectual property rights, entitlements and/or claims relating to the EchoMAV, LLC Business Activity are found to have accrued to Employee/Agent notwithstanding this Agreement, Employee/Agent hereby assigns and turns over to EchoMAV, LLC all such ownership, entitlement and/or claim to EchoMAV, LLC. The Parties understand that removal or disclosure of Proprietary Information is prohibited at all times during his or her employment unless prior written authorization is provided by EchoMAV, LLC. The parties agree that all items made, compiled, or developed by Employee/Agent during their employment by EchoMAV, LLC are the sole property of EchoMAV, LLC and are/were developed under the understanding that such information, results, processes, designs, plans, projects, products, software, firmware, hardware, apparatus and any property rights attaching thereto were / are / would be / will be solely owned by EchoMAV, LLC and not in any way by the Employee/Agent personally, and that all such Proprietary Information is subject to nondisclosure under this agreement, and shall be delivered and surrendered to EchoMAV, LLC upon termination of Employee/Agent's employment/agency by EchoMAV, LLC and/or at any other time as per EchoMAV, LLC's request.

3. Proprietary Information will not include information that: (i) is now or thereafter becomes generally known or available to the public, through no act or omission on the part of the receiving party; (ii) was known by Employee/Agent prior to starting their period of employment and compensation by EchoMAV, LLC, and (iii) information that was approved for release by EchoMAV, LLC through written authorization.

4. Employee/Agent in exchange for their employment and compensation by EchoMAV, LLC from this date forward and for any period of prior employment and compensation by EchoMAV, LLC agrees: (i) to maintain EchoMAV, LLC' Proprietary Information in strict confidence; (ii) not to disclose such Proprietary Information to any unauthorized third parties; and (iii) not to use any such Proprietary Information for any purpose except for the EchoMAV, LLC Business Activity. These obligations shall remain in effect during the term of employment. Employee/Agent may disclose the Proprietary Information of EchoMAV, LLC to other EchoMAV, LLC Employees/Agents in the execution and/or development of further employment and/or business activities by Employee/Agent for the EchoMAV, LLC Business Activity or to third parties engaged in the EchoMAV, LLC Business Activity who have a bona fide need to know such Proprietary Information, but such disclosure shall occur only with the specific consent of EchoMAV, LLC's corporate Manager Member, CEO or President and absolutely only to the extent necessary to pursue and further the EchoMAV, LLC Business Activity and for no other purpose. The provisions of this Section 4 shall not restrict Employee/Agent from disclosing the EchoMAV, LLC's Proprietary Information to the extent legally required by any law enforcement agency or regulatory agency in a bona fide official investigation by such agency; provided that Employee/Agent if required to make such a disclosure immediately gives EchoMAV, LLC advance notice of such required disclosure upon receipt of a legal investigative request to disclose such information the moment the Employee/Agent receives if from the law enforcement or regulatory agents in order to enable the EchoMAV, LLC to prevent or limit such disclosure.

5. Employee/Agent in consideration of their compensation and/or employment by EchoMAV, LLC shall not directly solicit and/or accept any Business Contracts Related to EchoMAV LLC Business Activity for personal gain or for the gain of some third party other than EchoMAV, LLC during the time of and for a period of two (2) years after their employment by EchoMAV, LLC from Sources that have been made known to them by EchoMAV, LLC, nor in any manner access, contact, solicit and/or conduct any transaction in anticipation of Business Contracts Related to EchoMAV LLC Business Activity with EchoMAV, LLC's Sources, without the express written permission of EchoMAV, LLC. Employee/Agent shall not circumvent or attempt to circumvent, interfere with, avoid, obviate, or bypass EchoMAV, LLC's interests or relationships which are part of their Proprietary Information.

6. This Agreement does not constitute a contract of employment, nor does it guarantee continuing employment of Employee/Agent by EchoMAV, LLC. Any financial arrangements for Employee/Agent's compensation made by the Parties shall not be included in this Agreement but may be specified and agreed in a separate document.

7. Employee/Agent understands that the unauthorized use or disclosure of any Proprietary Information during his or her employment by Employee/Agent themselves or in concert with any other person or entity without the express consent of EchoMAV, LLC will allow EchoMAV, LLC to file suit in an appropriate court (pursuant to the agreed

jurisdiction for such events and further specified herein) seeking some one or more elements of relief, including but not limited to:

- 7a. Indemnification and Damages. Employee/Agent understands and agrees that the unauthorized use or disclosure of Confidential Information by them or any affiliate, agent or representative of Employee/Agent will cause damage, loss, cost or expense to EchoMAV, LLC and that the Employee/Agent will be responsible at law in a suit filed by EchoMAV, LLC for compensation and indemnification of such damage, loss, cost or expense.
- 7b. Injunctive Relief. Employee/Agent understands and agrees that the unauthorized use or disclosure of Confidential Information could cause EchoMAV, LLC irreparable harm and substantial damages, the degree of which may be difficult to ascertain. Accordingly, the parties agree that EchoMAV, LLC has the right to obtain immediate injunctive and/or equitable relief to enjoin any unauthorized use or disclosure of their Proprietary Information. This may be in addition to any other remedy, penalty or claim the law otherwise provides for the Employee/Agent's disclosure.
- 7c. Notice of Unauthorized Use or Disclosure. Employee/Agent is required to notify EchoMAV, LLC in the event of a breach of this Agreement involving the unauthorized dissemination of Confidential Information, either by Employee/Agent or a third party, and will do everything possible to help EchoMAV, LLC to regain possession of the Confidential Information.

8. This Agreement constitutes the entire agreement between the parties. No changes or amendments may be made to this Agreement or assignment of rights by either party under this Agreement unless in writing and signed by the Parties. This Agreement shall be binding upon the successors, subsidiaries, assigns and corporations of the Parties. Any provision of this Agreement (or any portion thereof) deemed invalid, unlawful or otherwise unusable by a court of competent legal jurisdiction shall be severed from the Agreement and dissolved and the remainder of the Agreement shall be enforceable. A severed provision shall not alter the integrity of the Agreement, and the terms set forth in any severed provision shall be construed in such a way as to interpret, specify and/or enforce the purpose for which it was originally intended. **The parties acknowledge and affirm by their signatures attached below and by their initials on each page of this agreement that they have fully reviewed and fully understood all eleven (11) sections of this agreement and have been given an opportunity to seek legal advice and counsel regarding any questions about this Agreement or any of its terms of provisions prior to signing and executing this Agreement. The parties further agree that they have the full right and authority to engage in this Agreement, that they have the sole, full and exclusive authority to execute this agreement regarding the subject matter described in this Agreement, that they have retained for their part all rights to negotiate and execute the subject matter of this Agreement and that none of the rights, entitlements or claims to any part of the subject matter of this Agreement have previously been assigned, turned over, sold. acquired by or transferred to any other person or entity before each of the Parties have executed this Agreement.**

9. This Agreement has been negotiated and executed at the EchoMAV, LLC office in Lubbock Texas. The Parties agree this Agreement shall be governed by the laws of the State of Texas and waive any jurisdictional objections to interpretation and/or enforcement of this Agreement in Texas. If either party to this Agreement shall prevail in any action at law or in equity to enforce this Agreement, the other shall pay the prevailing party's costs and expenses, including reasonable attorney's fees. Each party agrees by their signature below that this Agreement may be executed in Docusign or other online document execution platform and that a copy of this agreement shall be as valid as an original as admissible evidence in any action to enforce or to defend any legal action involving it.

10. Employee/Agent may make any contribution to Free and Open Source Software (hereinafter "FOSS"), provided such contribution does not relate in any way to specific products, software or processes involved in the EchoMAV, LLC Business Activity or to specific resources provided by EchoMAV LLC. Further, prior approval by a EchoMAV LLC Managing Member or Corporate Officer is required prior to finalization of and prospective contribution. Termination and retraction of such contribution to FOSS may be ordered at any time for any reason by an EchoMAV LLC Managing Member or Corporate Officer should they deem the contribution inconsistent with the goals and/or business objections of EchoMAV LLC Business Activity.

11. This Agreement becomes effective and enforceable on the date signed by the last party to sign

IN WITNESS WHEREOF, the parties hereto have executed this Confidential Information Non-Disclosure and Turnover Agreement.

Page 3 of 4 -- EchoMAV, LLC Confidential Information Non-Disclosure, Turnover and Non-Circumvention Agreement with Employee/Agent
Initials: Employee/Agent: _____  EchoMAV, LLC _____

A. For Employee/Agent: __Brad Stinson__ (print name)

Signature: __[signed]__   Dated: __4/18/25__
Employee email: __bstinson@echomav.com__
EchoMAV, LLC Witness: __Emett Mesmer__
Witness office held: __Mechanical Engineer__

B: For EchoMAV, LLC:
EchoMAV, LLC
6310 Genoa Ave Suite B
Lubbock, TX 79424

Signature: __[signed]__   Dated: __4/18/25__
Print name: __Trey Sprinkle__
Office held at EchoMAV, LLC: __CEO__

Page 4 of 4 -- EchoMAV, LLC Confidential Information Non-Disclosure, Turnover and Non-Circumvention Agreement with Employee/Agent
Initials: Employee/Agent: __[initialed]__   EchoMAV, LLC: __[initialed]__