IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| In re ) | Case No. 3:25-bk-31122-SHB |
| ) | |
| Echo MAV, LLC a/k/a EchoMAV, LLC ) | Chapter 7 (Involuntary) |
| ) | |
| Alleged Debtor ) | |

**REPLY BY HORIZON31, LLC TO MOTION TO DISMISS
INVOLUNTARY BANKRUPTCY PROCEEDING**

On July 3, 2025, Echo MAV, LLC ("Echo MAV") filed its Motion To Dismiss Involuntary Bankruptcy Proceeding (Doc 10). Responding to the Motion, Horizon31, LLC ("Horizon") represents:

(1) In connection with its purchase of Horizon's assets, Echo MAV delivered a Promissory Note, dated February 16, 2023, payable to the order of Horizon in the amount of $1,500,000.00. Echo MAV also granted a Security Agreement to Horizon. Echo MAV defaulted on the payments required by the Promissory Note. On May 21, 2025, an Agreed Judgment against Echo MAV and in favor of Horizon was entered by the Circuit Court for Knox County, Tennessee, in the amount of $1,452,385.22, plus $4,600.00 for attorney fees and litigation expenses.

(2) On June 12, 2025 ("Petition Date"), Horizon filed an Involuntary Petition naming Echo MAV as a debtor.

(3) In its Motion To Dismiss, Echo MAV asserts: (a) venue is not proper in this Court; (b) it has more than 12 unsecured creditors so there must be three qualifying petitioning creditors, not one; (c) Horizon is not a qualifying petitioning creditor because its claim is fully secured by liens on the assets it sold to Echo MAV; (d) it is generally paying its debts as they come due; and (e) Horizon filed the Petition in bad faith as an improper debt collection tactic.

1

(4) Horizon addresses each assertion in turn in the Memorandum Brief and the Declaration of Brad Stinson filed contemporaneously with this Reply.

(5) Knoxville was the principal place of business of Echo MAV, and the principal assets of Echo MAV were located in the Eastern District of Tennessee during the 180 days immediately preceding the Petition Date. The list of purported creditors – Exhibit 6 to Declaration of Denny Eugene Trey Sprinkle, III ("Sprinkle Declaration") (Doc 11) – includes insiders and multiple creditors of Echo MAV Technologies, Inc., not Echo MAV. Horizon is a qualified petitioning creditor because it has an undersecured claim not contingent as to liability nor the subject of a bona fide dispute as to liability or amount. Echo MAV is not generally paying its debts as they come due. The Involuntary Petition was not filed in bad faith. There is no vindictive conduct in this case by Brad Stinson. There are multiple statements in the Sprinkle Declaration which are false.

WHEREFORE, Horizon requests the Court to: (1) deny the Motion To Dismiss; (2) fix a date by which Echo MAV shall file an Answer to the Involuntary Petition; and (3) schedule a contested hearing.

/s/Maurice K. Guinn
Maurice K. Guinn
(Bar Code No. 000366)
Gentry, Tipton & McLemore, P.C.
P.O. Box 1990
Knoxville, TN   37901
(865) 525-5300
mkg@tennlaw.com
Attorneys for Horizon31, LLC

2

## CERTIFICATE OF SERVICE

I certify that the foregoing **Reply by Horizon31, LLC to the Motion To Dismiss Involuntary Bankruptcy Proceeding** and the **Proposed Order Denying Motion To Dismiss Involuntary Bankruptcy Proceeding** were filed electronically on July 30, 2025 and will be served by the Court's CM/ECF system on Stephen Montgomery and the U.S. Trustee.

/s/ Maurice K. Guinn
Maurice K. Guinn

Reply by Horizon31, LLC to Motion to Dismiss Invol Bk Proceeding  7-24-25