IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:25-bk-31122-SHB |
| | ) | |
| Echo MAV, LLC a/k/a EchoMAV, LLC, | ) | Chapter 7 (Involuntary) |
| | ) | |
| Alleged Debtor | ) | |

**MEMORANDUM BRIEF IN SUPPORT OF
REPLY BY HORIZON31, LLC TO MOTION TO DISMISS
INVOLUNTARY BANKRUPTCY PROCEEDING**

Horizon31, LLC ("Horizon") files this Memorandum Brief In Support Of Its Reply By Horizon31, LLC To Motion To Dismiss Involuntary Bankruptcy Proceeding. At issue is whether the Involuntary Petition, filed on June 12, 2025 ("Petition Date"), should be dismissed. Echo MAV, LLC ("Echo MAV") contends the venue is not proper in this Court; it has more than 12 unsecured creditors so there must be three qualifying petitioning creditors; Horizon is not a qualifying petitioning creditor because its claim is fully secured; it is generally paying its debts as they come due; and Horizon filed the Petition in bad faith. Horizon disputes many of the statements in the Declaration of Denny Eugene Trey Sprinkle, III ("Sprinkle Declaration") (Doc 11). Knoxville has been the principal place of business for Echo MAV, and its principal assets have been located in the Eastern District of Tennessee during the 180 days immediately preceding the Petition Date. Echo MAV does not have more than 12 creditors. Horizon is a qualified petitioning creditor because it has an undersecured claim not contingent as to liability nor the subject of a bona fide dispute as to liability or amount. Echo MAV is not generally paying its debts as they come due. The Involuntary Petition was not filed in bad faith.

1

## I. STATEMENT OF FACTS

Echo MAV, LLC was formed by William Jeffrey Knowles on August 3, 2022. Declaration of Brad Stinson In Support Of Reply To Motion To Dismiss Involuntary Petition ("Stinson Decl."), ¶ 8 and Exhibit 1. Shortly after formation, Denny Eugene Trey Sprinkle III and Michael Hodges were hired by Mr. Knowles as managing directors. Stinson Decl. ¶ 9.

Horizon31, LLC's business was hardware and software related to unmanned systems (i.e. drones). Stinson Decl ¶ 4. On March 10, 2023, Horizon sold its assets to Echo MAV, LLC ("Echo MAV") in consideration of a $500,000.00 payment at closing and a Promissory Note in the amount of $1,500,000.00, providing for two $750,000.00 payments. The first payment was due on February 17, 2024, and the second payment was due on February 17, 2025. Stinson Decl. ¶ 5. Echo MAV did not make the $750,000.00 payment due on February 17, 2024. Echo MAV did pay $80,000.00 on November 13, 2024 and $100,000.00 on November 15, 2024. Stinson Decl. ¶ 6. Echo MAV did not make the second $750,000.00 payment due on February 17, 2025. Stinson Decl. ¶ 7.

In April 2023, Brad Stinson began working full-time as the Chief Technical Officer for Echo MAV. Stinson Decl. ¶ 2.

On July 1, 2024, Denny Eugene Trey Sprinkle III formed EchoMAV Technologies, Inc., a Texas corporation. After this point, Mr. Sprinkle began to refer to himself as "founder" and "CEO" of Echo MAV. Stinson Decl. ¶ 10.

Beginning in October 2024, Echo MAV's customers were instructed to issue purchase orders to EchoMAV Technologies, Inc. instead of Echo MAV. Customers were misled that Echo MAV had been restructured into a C-corporation. However, EchoMAV Technologies, Inc. was an

2

entirely different entity with no relation to Echo MAV other than Mr. Sprinkle. Stinson Decl. ¶ 12.

Customers who were previous customers of, or originally issued quotes from Echo MAV, were instructed between September 2024 and May 2025 to make payments payable to the order of EchoMAV Technologies, Inc. Stinson Decl. ¶ 13.

In April 2025, EchoMAV Technologies, Inc. was operating without the knowledge and approval of William Jeffrey Knowles, had not acquired Echo MAV's assets, and was selling assets which had not been legally transferred to it, including the Horizon collateral. Stinson Decl. ¶ 14.

In the period between October 2024 and April 2025, without the consent of Mr. Knowles, Mr. Sprinkle and Mr. Hodges engaged in unauthorized use and control of Echo MAV's company assets to include equipment, cash, contracts, proprietary designs, and customer relationships for their own benefit. Stinson Decl. ¶ 15.

In the period between October 2024 and June 2025, EchoMAV Technologies, Inc. used the same branding, name, logos, website and product names to confuse customers that the two entities, Echo MAV and EchoMAV Technologies, Inc. were the same entity. Stinson Decl. ¶ 16.

In the period between October and April 2025, EchoMAV Technologies, Inc. engaged in tortious interference by poaching clients from Echo MAV, including the United States Government, suppliers, and contracts in a deceitful way. Stinson Decl. ¶ 17.

On April 21, 2025, Mr. Sprinkle acquired Echo MAV from Mr. Knowles. Although it was requested, Mr. Sprinkle never provided to Horizon a copy of the purchase agreement between Mr. Knowles and Mr. Sprinkle. Stinson Decl. ¶ 18.

Echo MAVs assets, including Horizon's collateral, were never acquired by EchoMAV Technologies, Inc. to the best of Brad Stinson's knowledge. Stinson Decl. ¶ 19.

3

From January 2025 until May 20, 2025, numerous unpaid vendors contacted the Echo MAV Knoxville office about unpaid claims. Brad Stinson fielded some of the calls and/or other form of contact, so he knew Echo MAV was not paying its debts to these vendors as they became due. Stinson Decl. ¶ 20.

In October 2024, Mr. Sprinkle started issuing purchase orders to vendors for components which Echo MAV had used to build products. EchoMAV Technologies, Inc. began building the products and billing the former Echo MAV customers. Stinson Decl. ¶ 22.

In March 2025, Mr. Sprinkle told Brad Stinson that Echo MAV had failed to maintain books and records about its financial affairs and therefore was having a challenging time getting a loan or investment. Stinson Decl. ¶ 24. In March 2025, Mr. Sprinkle told Brad Stinson that Echo MAV had not filed a federal tax return for the past three years and was therefore having a challenging time getting a loan or investment. Stinson Decl. ¶ 25.

On March 21, 2025, Horizon sued Echo MAV on the Promissory Note. Stinson Decl. ¶ 26.

On May 21, 2025, an Agreed Judgment was entered in favor of Horizon and against Echo MAV by the Circuit Court for Knox County in the amount of $1,452,385.22 plus $4,600.00 for attorney fees and litigation expenses. Stinson Decl. ¶ 27.

On May 20, 2025, Brad Stinson resigned from his position with Echo MAV. His resignation was primarily due to the observed unethical and suspected illegal activities he had witnessed in relation to Mr. Sprinkle's and Mr. Hodge's tortious actions against Echo MAV and its customers. Mr. Stinson was particularly concerned that Mr. Sprinkle and Mr. Hodges, through EchoMAV Technologies Inc., had defrauded the US Department of Defense. He did not want to be complicit in such activities. In addition, after seeing firsthand the willful denial of payment to

4

other creditors, Mr. Stinson became convinced that Echo MAV had no real intention to pay the debt owed to Horizon. Stinson Decl. ¶ 28.

In April 2023, Mr. Stinson began working full-time as the Chief Technical Officer for Echo MAV. Stinson Decl. ¶ 2. From April 2023 to September 2023, he worked for Echo MAV from his home. Stinson Decl. ¶ 29. Mr. Stinson worked in the Echo MAV Knoxville office from September 2023 to May 2025. Knoxville was the principal place of Echo MAV's business and the location of its principal assets during the 180-day period preceding the Petition Date. Stinson Decl. ¶ 30.

The principal assets of Echo MAV were not located in Lubbock as of the Petition Date and never have been. Stinson Decl. ¶ 38.

The assets Echo MAV purchased from Horizon and in which Echo MAV gave Horizon a security interest are assets of a nature which decline in value over time. Specifically, these assets are circuit board designs and software, both of which have historically depreciated following a non-linear rate according to Moore's law[1]. Stinson Decl. ¶ 40. Horizon has an unsecured claim against Echo MAV that is greater than $18,600.00. Stinson Decl. ¶ 41.

In May 2025, large payments were being received by EchoMAV Technologies, Inc., but no payment was made to Horizon and no reasonable offer to resolve Horizon's claim was made by Echo MAV. Stinson Decl. ¶ 42. Throughout the spring of 2025, the assets and technology belonging to Echo MAV, LLC were being used by EchoMAV Technologies, Inc. to manufacture product. Stinson Decl. ¶ 43.

## II. ARGUMENT

A. **The proper venue for the case is the Eastern District of Tennessee.**

Section 1408 of title 28 of the U.S. Code enacts in part:

---

[1] https://ieeexplore.ieee.org/abstract/document/5696765

5

**Venue of cases under title 11.**

Except as provided in Section 1410 of this title, a case under title 11 may be commenced in the district court for the district –

(1) in which the domicile, residence, principal place of business in the United States or principal assets in the United States, of the person or entity that is the subject of such case have been located for the 180 days immediately preceding such commencement . . . .

28 U.S.C. § 1408(1).

Echo MAV's Knoxville office consists of 3,000 square feet with eight offices, a laboratory, a kitchen, a 1,000 square foot warehouse and a 1,000 square foot storage mezzanine. Stinson Decl. ¶ 33. The Knoxville location is the principal place of Echo MAV's business and is the location of its principal assets. Stinson Decl. ¶ 30. Essentially all of Echo MAV's assets, consisting of inventory, tools, machines and stock are in the Knoxville location. Stinson Decl. ¶ 31. Engineering and manufacturing occur in Knoxville; inventory is stored in Knoxville; shipping products originates in Knoxville. Stinson Decl. ¶ 32. As of May 2025, eight (8) people including a full-time CTO, software lead, software engineers, mechanical engineers, technicians, and other support staff were all in the Knoxville office. Stinson Decl. ¶ 34. Company meetings were regularly held in the Knoxville office. Id.

Echo MAV's Lubbock office is located in a strip center. The Lubbock office has approximately 1,500 square feet and shares the space with another entity owned by Mr. Sprinkle. Stinson Decl. ¶ 35. As of May 2025 only three (3) of Echo MAV's seventeen (17) full-time employees worked in the Lubbock office. Stinson Decl. ¶ 36. No engineering, manufacturing nor production occurs in Lubbock, and no significant assets are in the Lubbock office. Id. Contrary to Mr. Sprinkle's statement in paragraph 6 of his Declaration, there are not 10 employees in the

Lubbock office, and the statement that Echo MAV's principal assets are located in Lubbock is unequivocally false. Stinson Decl. ¶ 37 and ¶ 38.

The Echo MAV employees and their home locations during most of the 180-day period preceding the Petition Date were:

Executive Team:
Trey Sprinkle, CEO – Lubbock, TX
Mike Hodges, President – Ft. Worth, TX
Marshall Suetterlin, Operations Manager – Colorado Springs, CO
Brad Stinson, CTO – Knoxville, TN
Kenneth Porter, CFO – Virginia Beach, VA
Jonathan Turnbow, CMO – American Fork, UT

Additional Staff:
Diane Havir – Lubbock, TX
Matthew Cox – unknown
Lexo Burduli – Pennsylvania
Nate Garrison – Clarksville, TN
Todd Madison – unknown/remote
Chip Coffin - Colorado
Clayton Baldwin – Knoxville, TN
Benjamin Castor – Knoxville, TN
Charles Wong – Knoxville, TN
Craig Scott – Knoxville, TN
Dustin Fuqua – Knoxville, TN
Thomas Lyons – Knoxville, TN
Garrett Mesmer – Knoxville, TN

Stinson Decl. ¶ 39.

**B. Echo MAV may not have 12 or more creditors on the Petition Date, excluding employees and insiders.**

§303(b) of the Bankruptcy Code enacts in part:

> (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title –
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee, if such noncontingent, undisputed claims aggregate at least $18,600 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

      (2) if there are fewer than 12 such holders, excluding any employee or insider or such person.... by one or more of such holders that hold in the aggregate at least $18,600 of such claims;

                . . . .

11 U.S.C. §303(b).

  Paragraph 56 of the Sprinkle Declaration recites: "As of June 12, 2025, Echo MAV had 27 unsecured creditors. A list of those creditors is attached as Exhibit 6 to this Declaration."

  The following from Exhibit 6 are "insiders" who are not included in the calculation of the number of creditors an involuntary debtor has:

    Telum Development Group
    Michael Hodges
    Outlaw Solutions Group, LLC
    Kenneth Porter

Also, Nate Garrison, an employee, is likewise excluded from the count. See 11 U.S.C. § 303(b)(2).

  Horizon knows the following were not creditors on the Petition Date:

    George McMahan
    BS Solutions n/k/a Grown from Scratch, LLC
    Kutta Technologies
    IQinetics Vertiq

Stinson Decl. ¶ 21.

  Echo MAV Technologies, Inc. is a Texas corporation owned/controlled by Mr. Sprinkle. Stinson Decl. ¶ 10 and Exhibit 2. The corporation was formed on or about July 1, 2024. Id. In October 2024, Mr. Sprinkle started doing business as Echo MAV Technologies, instead of as Echo MAV, LLC. Stinson Decl. ¶ 12 and ¶ 16. Horizon believes the evidence will prove the following are creditors of Echo MAV Technologies, Inc., not Echo MAV:

8

>   Arrow Electronics
>   Booz Allen Hamilton
>   Circuit Hub
>   Clear Path Marketing
>   Hybrid Project, LLC
>   Irradiate LLC
>   Microhard Systems
>   NW Blue LLC
>   Passage Consulting Group
>   Republic Capital Access
>   Seek Thermal
>   Vol Case & Containers

Stinson Decl. ¶ 22 and ¶ 23.

Subtracting the foregoing creditors from the Exhibit 6 list of twenty-seven (27) leaves six (6) creditors who have claims against Echo MAV. Accordingly, a single creditor with a claim not contingent as to liability or the subject of a bona fide dispute in the amount of at least $18,600 does qualify to file an involuntary petition. Horizon has such a claim.

### C. Echo MAV was generally not paying its debts as they came due on the Petition Date.

Exhibit 6 to the Sprinkle Declaration lists the amounts owing to the six creditors Horizon believes are creditors of Echo MAV as follows:

| Creditor | Amount |
|---|---|
| American Express | $ 238,476.23 |
| Bruce Vollmer | $ 36,000.00 |
| Cecil Anderson | $ 49,680.00 |
| Horizon31, LLC | $1,456,985.22 |
| Industrial Electronics Service, Inc. | $ 187,674.00 |
| Upling, Inc. | $ 38,740.00 |

In his opinion for this Court in a contested involuntary case in 2010, Judge Richard Stair, Jr. wrote:

> The burden of proof that a debtor is generally not paying its debts falls upon the petitioning creditors, *In re Brooklyn Res. Recovery, Inc., 216 B.R. 470, 482 (Bankr. E.D.N.Y. 1997)*, and "requires a more general showing of the debtor's financial condition and debt structure than merely establishing the existence of a few

9

unpaid debts." *Liberty Tool & Mfg., Inc. v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys., Inc.), 277 F. 3d 1057, 1072 (9th Cir. 2002)* (quoting <u>Gen. Trading Inc. v. Yale Materials Handling Corp., 119 F. 3d 1485, 1504 n. 41 (11th Cir. 1997)</u>). "The bankruptcy court considers the proportion of the debt being paid – both in terms of the proportion of creditors being paid and the proportion of debt, in dollar value, being paid[,]" <u>Concrete Pumping Serv., Inc. v. King Constr. Co., Inc., 943 F.2d 627, 630 (6th Cir. 1991)</u> **[*6]** citations omitted), and "should include creditors who are not currently pressing the alleged debtor for payment, if their debts have become due." <u>In re Smith, 415 B.R. 222, 231 (Bankr. N.D. Tex. 2009)</u>. **Nevertheless, "[w]here a debtor fails to pay even one debt that makes up a substantial portion of its overall liability, a court may find that [it] is generally not paying [its] debts."** <u>In re Amanat, 321 B.R. 30, 39-40 (Bankr. S.D.N.Y. 2005)</u>.

<u>In re Fallon Luminous Prods Corp., 2010 Bankr. Lexis 248; 2019 WL 330222 at Pages 5-6 (Bankr. E.D. Tenn 2010)</u> (emphasis added).

Pursuant to its Promissory Note, Echo MAV agreed to pay to Horizon $750,000.00 on February 17, 2024 and another $750,000.00 on February 17, 2025. Stinson Decl. ¶ 5. Echo MAV did not make the payments it promised to make, resulting in the Agreed Judgment, entered on May 21, 2025, which likewise has not been paid. Stinson Decl. ¶ 27. Horizon's claim "makes up a substantial portion of … [Echo MAV's] overall liability…." <u>Fallon Luminous</u> at page 6. The Court may find Echo MAV is generally not paying its debts based on the debt to Horizon alone. <u>Id</u>., citing <u>In re Amant, 321 B.R. 30, 39-40 (Bankr. S.D.N.Y. 2005)</u>. However, Horizon is not the only creditor Echo MAV is not paying.

**D. Horizon filed the Involuntary Petition in good faith, not bad faith.**

Courts have a variety of different tests to determine whether a bankruptcy Petition has been filed in bad faith. The test in the Sixth Circuit is the "totality of circumstances" test. <u>Adell v. John Richard Holmes Bldg. Co. LLC v. (In re John Richards Homes Bldg. Co., L.L.C.)</u> 429 F. 3d 248, 254-255 (6th Cir. 2006). There is a presumption of good faith on the petitioner's part in filing a Petition. It is the debtor's burden to prove bad faith. *Id.*

The circumstances on the Petition Date were:

10

(1)   there was no dispute that Echo MAV was indebted to Horizon in view of the Agreed Judgment for $1,452,385.22 plus $4,600.00 for attorney fees and litigation expenses;

(2)   since October 2024 Mr. Sprinkle had caused purchase orders to be issued in the name of Echo MAV Technologies, Inc. to the former Echo MAV vendors, Stinson Decl. ¶ 12;

(3)   the assets and proprietary information Horizon sold to Echo MAV in 2023 was being used by Echo MAV Technologies, Inc. to make the same products Echo MAV had made, Stinson Decl. ¶ 15; ¶ 16, ¶ 17 and ¶ 22;

(4)   Brad Stinson learned in February or March of 2025 that Echo MAV Technologies, Inc. was using the assets and rights Echo MAV had purchased from Horizon to manufacture products, Stinson Decl. ¶ 22;

(5)   large payments were being received from former Echo MAV customers by Echo MAV Technologies, Inc., but no payment had been made to Horizon since November 15, 2024, and no offer to resolve Horizon's claim was made by Echo MAV, Stinson Decl. ¶ 42;

(6)   Echo MAV had apparently transferred the assets and proprietary information purchased from Horizon to Echo MAV Technologies, Inc., or at least the assets and technology were being used by Echo MAV Technologies, Inc. to manufacture products, Stinson Decl. ¶ 43; and

(7)   Echo MAV is not keeping appropriate business and financial records and has not filed a federal income tax return for three (3) years, Stinson Decl. ¶ 24 and ¶ 25.

Horizon did not file the Involuntary Petition to harass Echo MAV. Horizon wants to preserve any potentially avoidable transfers and Echo MAV assets for the benefit of Echo MAV creditors with allowable claims. The filing benefits all Echo MAV creditors.

### III.    CONCLUSION

This Court is the proper venue for the Involuntary Petition because Echo MAV's principal place of business and its principal assets have been located in the Eastern District of Tennessee during the 180 days preceding the Petition Date.  Horizon should be afforded the opportunity to prove Echo MAV has fewer than 12 creditors and that Echo MAV was generally not paying its debts as they come due.  Horizon did not file the Involuntary Petition in bad faith. The Motion to Dismiss should be denied and a contested hearing scheduled.

/s/Maurice K. Guinn
Maurice K. Guinn
(Bar Code No. 000366)
Gentry, Tipton & McLemore, P.C.
P.O. Box 1990
Knoxville, TN   37901
(865) 525-5300
mkg@tennlaw.com
Attorneys for Horizon31, LLC

### CERTIFICATE OF SERVICE

I certify that the foregoing **Memorandum Brief In Support Of Reply By Horizon31, LLC To The Motion To Dismiss Involuntary Bankruptcy Proceeding** was filed electronically on July 30, 2025 and will be served by the Court's CM/ECF system on Stephen Montgomery and the U.S. Trustee.

/s/ Maurice K. Guinn
Maurice K. Guinn

Memorandum Brief 7-25-25