IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| In re | : | |
| | : | |
| Echo MAV, LLC | : | Case No. 3:25-bk-31122-SHB |
| Aka EchoMAV, LLC | : | |
| | : | |
| Alleged Debtor | : | Chapter 7 (Involuntary) |

**OPPOSED MOTION OF ECHO MAV, LLC TO QUASH SUBPOENAS
ISSUED TO THIRD PARTIES BY HORIZON31, LLC**

---

**NOTICE OF HEARING**

**Notice is hereby given that:**

A hearing will be held on the **Opposed Motion of Echo MAV, LLC to Quash Subpoenas Issued to Third Parties by Horizon31, LLC** on **September 25, 2025**, at **10:00 a.m. Eastern time**, in **Courtroom 1-C**, located at **the Howard H. Baker Jr. U.S. Courthouse, 800 Market Street, Suite 330, Knoxville, Tennessee 37902**.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

---

Echo MAV, LLC (the "Alleged Debtor"), by and through undersigned counsel, respectfully moves under Federal Rules of Civil Procedure 45(d)(3) and 26(c), as incorporated by Federal Rules of Bankruptcy Procedure 9016 and 7026, to quash twelve substantively identical third-party subpoenas that Horizon31, LLC ("Horizon31") issued and noticed on September 9-11,

1

2025. In the alternative, Echo MAV seeks a protective order limiting and sequencing any third-party discovery, and a stay of the subpoenas' compliance deadlines pending the Court's ruling.

## I.     INTRODUCTION

Horizon31 has served a barrage of twelve third-party subpoenas on a hand-picked subset of Echo MAV's creditors and counterparties—eleven noticed on September 9, 2025 (ten demanding compliance by September 19, 2025 and one by September 18, 2025), and one noticed on September 11, 2025 (demanding compliance by September 22, 2025). Each subpoena demands the same ten categories of documents covering the same one-year period, and each overlaps with party discovery Horizon31 has already served on Echo MAV seeking the same materials. The subpoenas should be quashed for two independent reasons.

*First*, the subpoenas fail to allow a reasonable time for compliance. Non-parties cannot reasonably be expected to collect and produce a year's worth of invoices, payment histories, purchase orders, and communications on less than ten days' notice. Rule 45(d)(3)(A)(i) requires the Court to quash subpoenas that impose such impractical deadlines.

*Second*, the subpoenas are inappropriate because they are duplicative of the discovery Horizon31 has already sought from Echo MAV, the alleged debtor in this involuntary bankruptcy proceeding. Horizon31's party discovery requests include Echo MAV's accounts payable and receivable, financial statements, balance sheets, creditor communications, and invoices—the same categories now directed to non-parties. Written answers and document productions from Echo MAV are not due until September 22, 2025. Thus, Horizon31 has not exhausted efforts to obtain this information from an actual party to the proceeding, as it must do before burdening non-parties. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

For these reasons, and those explained below, the Court should quash the subpoenas

directed to the twelve third-party creditors. Echo MAV respectfully requests that the Court (i) quash all twelve subpoenas; (ii) in the alternative, enter a protective order that requires Horizon31 to obtain responsive materials from Echo MAV first, limits the scope and time period, provides reasonable compliance windows, and bars further creditor subpoenas absent leave; and (iii) stay all subpoena compliance deadlines pending the Court's ruling.

II.     **FACTUAL BACKGROUND**

   A.     **The September 9-11, 2025 Subpoenas**

Despite Echo MAV having well more than twelve unsecured creditors (*see* Dkt. Nos. 10 and 11, Motion to Dismiss and Memorandum in Support), Horizon31 served twelve subpoenas on certain creditors and provided Echo MAV's counsel with notice between September 9-11, 2025. (*See* Exhibits 1-12, Subpoenas to Third Parties).

On September 9, 2025, Horizon31 sent Echo MAV's counsel eleven subpoenas, all dated September 9, 2025. Ten of these subpoenas demand production by September 19, 2025 at 10:00 a.m. and were directed to:

1. Booz Allen Hamilton, 160 Brooks Road, 2nd Fl., Rome, NY 13441

2. Kutta Technologies, LLC, 2075 W. Pinnacle Peak Road, Phoenix, AZ 85027

3. Irradiate, LLC, 230 N. Caldwell Cir., Downingtown, PA 19335

4. NW Blue, Inc., 3632 S.W. Baird Street, Unit 5, Portland, OR 97219

5. Uplinq, Inc., 7014 East Camelback Road, Scottsdale, AZ 85251

6. IQinectics Vertiq, 3401 Grays Ferry Ave., Bldg. 200, Philadelphia, PA 19146

7. Seek Thermal, 6300 Hollister Ave., Santa Barbara, CA 93117

8. Republic Capital Access, 2411 Dulles Corner Park, Suite 625, Herndon, VA 20171

    9.    Circuithub, Inc., 14 Industrial Drive E, South Deerfield, MA

    10.    Clear Path Marketing, 5 N. Merchant Street, Unit 116, American Fork, UT 84003

The eleventh subpoena served on September 9, 2025 demands production by September 18, 2025 at 10:00am and was directed to:

    11.    George McMahan, 7703 LaSalle Ave., Lubbock, TX 79424.

On September 11, 2025, Horizon31 notified Echo MAV's counsel of an additional subpoena dated September 10, 2025, which demands production by September 22, 2025 at 10:00am and was directed to:

    12.    Passage Consulting Group, LLC, 200 University Blvd., Suite 225-278, Round Rock, TX 78665.

**B.**    **Identical Requests in Every Third-Party Subpoena**

Each of the twelve subpoenas seeks the same ten categories of documents. Exhibit A to each subpoena requests, for the one-year period preceding June 12, 2025, and directed to both Echo MAV, LLC and Echo MAV Technologies, Inc.:

(1)    Purchase Orders or similar documents received within the one-year preceding June 12, 2025 from Echo MAV, LLC.

(2)    Invoices or similar documents issued during the one-year preceding June 12, 2025 to Echo MAV, LLC.

(3)    Payment history by Echo MAV, LLC to include payment date and amount, for the one year period preceding June 12, 2025.

(4)    Copies of documents evidencing payments by Echo MAV, LLC in the one-year period preceding June 12, 2025.

(5)    Communications requesting payment by Echo MAV, LLC in the one-year period, preceding June 12, 2025 and any responsive communication from or on behalf of Echo MAV, LLC.

(6)    Purchase Orders or similar documents received in the one-year

> period preceding June 12, 2025 from Echo MAV Technologies, Inc.
>
> (7) Invoices or similar documents issued during the one-year period preceding June 12, 2025 to Echo MAV Technologies, Inc.
>
> (8) Payment history by Echo MAV Technologies, Inc. to include payment date and amount, for the one-year period preceding June 12, 2025.
>
> (9) Copies of documents evidencing payments by Echo MAV Technologies, Inc. in the one-year period preceding June 12, 2025.
>
> (10) Communications requesting payment by Echo MAV Technologies, Inc. in the one-year period preceding June 12, 2025 and any responsive communications from or on behalf of Echo MAV Technologies, Inc.

(*See* Exhibits 1-12, at 3 (Exhibit A to Third-Party Subpoenas)).

 **C.** **Horizon31's Party Discovery to Echo MAV**

Horizon31 has already served Echo MAV with requests for admission, interrogatories, and requests for production seeking the same documents requested in the third-party subpoenas. Specifically, Horizon31's discovery requests demand Echo MAV's accounts payable/receivable, financial statements, balance sheets, creditor communications, bank statements (and cancelled checks/deposits) for both Echo MAV and Echo MAV Technologies, and invoices/claims lists for creditors—covering the same one-year period preceding June 12, 2025, plus post-petition extensions. (*See* Exhibit 13, at Requests for Production Nos. 6-10, 12-13, 18, 21-22, 24, and 47.) Horizon31 also broadly demands Echo MAV produce "all documents or things relating to, consulted, and/or identified" in its discovery responses; "all documents and things which Echo MAV contends support Echo MAV's claims"; and "any and all documents or things that prove, verify or substantiate any fact which Echo MAV contends is relevant" to any statement in its Motion to Dismiss or supporting declaration. (*See* Exhibit 13, at Requests for Production Nos. 1-2, 5).

III. **LEGAL STANDARD**

Federal Rule of Civil Procedure 45(d)(1) mandates that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and that "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1); *see also* Fed. R. Bankr. P. 9016. On a timely motion, the court must quash or modify a subpoena that, among other things, "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i), (iv).

Undue burden objections require the movant to show that compliance would be unreasonable and oppressive under the circumstances. *In re Modern Plastics Corp*., 890 F.3d 244, 251-52 (6th Cir. 2018) (Rule 45 requires district courts to "balance the need for discovery against the burden imposed on the person ordered to produce documents"). Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature of the litigation. *United States v. Nixon*, 418 U.S. 683, 702 (1974); *accord In re Modern Plastics Corp*., 890 F.3d at 251-52.

Courts give extra consideration to the burden placed by subpoenas upon non-parties. *In re CareSource Mgmt. Group Co*., 289 F.R.D. 251, 253 (S.D. Ohio 2013) ("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure").

Discovery more generally is limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Bankr. P. 7026. The court must limit discovery that "is unreasonably cumulative or duplicative,

or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). This principle is especially forceful when a party seeks discovery from a non-party. *In re CareSource*, 289 F.R.D. at 253-54 (noting that the Court will not impose the burden of producing documents on a non-party when the parties could first seek discovery from one another).

Standing to move to quash a subpoena exists where the challenging party has possession of, or a personal right in, the materials requested. *Mann v. Univ. of Cincinnati*, Nos. 95-3195, 95-3293, 1997 WL 280188, at *4 (6th Cir. 1997). Financial and business records pertaining directly to a party fall within this rule. *See Whiting v. Trew*, No. 3:20-CV-54-TRM-DCP, 2020 WL 6468131, at *6 (E.D. Tenn. Nov. 3, 2020) (recognizing there is standing to quash third-party subpoenas demanding a party's "personal bank records"). Thus, Echo MAV has standing to quash Horizon31's third-party subpoenas, all of which seek documents pertaining directly to Echo MAV's finances and creditor relationships.

## IV.   ARGUMENT

### A.   The Subpoenas Fail to Allow a Reasonable Time for Compliance

Ten of Horizon31's subpoenas demand compliance within only ten days—by September 19, 2025—while one requires compliance in nine days, by September 18, 2025. The twelfth subpoena, served September 11, 2025, requires compliance within eleven days, by September 22, 2025. Each recipient is a non-party and would be required to search for, collect, and produce a year's worth of purchase orders, invoices, payment records, and creditor communications for both Echo MAV, LLC and Echo MAV Technologies, Inc.

While Rule 45 does not define what is a "reasonable time" for compliance, fourteen days is presumptively reasonable. *Whiting v. City of Athens,* 2024 WL 5098218, at *4 (E.D. Tenn.

2024). Five to seven business days, however, is not reasonable. *Friedberg v. Madison Realty Invs., Inc.*, 2016 WL 1562948, at *2 (S.D. Ohio 2016); *see also Cretacci v. Hare*, 2020 WL 8768945, at *1 (E.D. Tenn. 2020).

Horizon31's subpoenas allow these twelve non-parties between nine and 11 calendar days (or 7-8 business days) to produce voluminous records, including all communications with Echo MAV and Echo MAV Technologies, Inc. and every document relating to every order and payment over a year's time. Where, as here, non-parties are asked to produce extensive records on an expedited timeline, Rule 45(d)(3)(A)(i) requires the Court to intervene. *See Thomas v. IEM, Inc.*, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008) (quashing subpoena when "[non-party] was left with only nine (9) business days within which to respond to Thomas's subpoena – a clearly inadequate amount of time").

Because Horizon31's subpoenas fail to provide a reasonable time for compliance, they are facially defective and must be quashed.

    **B.**    **The Subpoenas Are Unreasonably Cumulative and Duplicative of Discovery Already Directed to Echo MAV**

Before serving any of the third-party subpoenas, Horizon31 served extensive, voluminous party discovery requests upon Echo MAV which seek the same categories of materials—purchase orders, invoices, bank statements, deposit records, accounts payable and receivable, financial statements, and creditor communications. Specifically, its Requests for Production Nos. 1-2, 5, 6-10, 12-13, 18, 21-22, 24, and 47 encompass the very information now demanded of the non-party creditors. (*See* Ex. 13, pgs. 20-29.) These requests cover all of Echo MAV's accounts, records, and communications with <u>all</u> creditors for the same one-year period preceding June 12, 2025, and in some cases extend beyond that period.

Horizon31 failed to exhaust party discovery from Echo MAV before serving the third-party

subpoenas. Written responses and production from Echo MAV are not due until September 22, 2025, which is the same as the latest date of production in the subpoenas to the third-parties. Because the information sought is already encompassed by Horizon31's party discovery requests, the twelve third-party subpoenas are cumulative, duplicative, and disproportionate. *See Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming that the district court properly required party to "seek discovery from its party opponent before burdening the nonparty"). As addressed with the Court during the September 12 telephonic hearing on Horizon31's Motion to Continue, several of the subpoena recipients have called Echo MAV to express concern and consternation that they are being required to hire attorneys and expend resources to provide documents which, in the first instance, should be requested from Echo MAV. Accordingly, these subpoenas should be quashed, or at a minimum deferred unless and until Horizon31 can demonstrate it needs documents which Echo MAV has not produced.

      C.      **In the Alternative, the Third-Party Subpoenas Should Be Subject to a Protective Order and Stay**

If the Court declines to quash the subpoenas outright, Echo MAV respectfully requests tailored relief under Federal Rule of Civil Procedure 26(c) and Bankruptcy Rule 7026. Rule 26(c) authorizes the Court, for good cause, to issue protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Here, appropriate protective relief would: (i) require Horizon31 to obtain responsive materials from Echo MAV first before burdening non-parties; (ii) limit any third-party discovery to targeted categories and time frames upon a showing of specific unmet need; (iii) provide reasonable compliance periods negotiated with the recipients; and (iv) prohibit further creditor subpoenas absent leave of Court. Echo MAV further requests that the Court stay all subpoena compliance deadlines pending its ruling on this motion, as stay here will avoid forcing non-parties

to incur substantial expense and disruption only to have the subpoenas later quashed or modified.

## V.     CONCLUSION

For the foregoing reasons, Echo MAV respectfully requests that the Court quash all twelve subpoenas issued or noticed by Horizon31 on September 9-11, 2025, specifically those directed to Echo MAV's creditors (1) Booz Allen Hamilton; (2) Kutta Technologies, LLC; (3) Iradiate, LLC; (4) NW Blue, Inc.; (5) Uplinq, Inc.; (6) IQinectics Vertiq; (7) Seek Thermal; (8) Republic Capital Access; (9) Circuithub, Inc.; (10) Clear Path Marketing; (11) George McMahan; and (12) Passage Consulting Group, LLC. In the alternative, Echo MAV respectfully requests that the Court enter a protective order and stay all subpoena compliance deadlines pending the Court's ruling, and award such further relief as is just and proper.

Respectfully submitted,

**Dated: September 19, 2025**

DICKINSON WRIGHT PLLC

By: /s/ Stephen M. Montgomery
Stephen M. Montgomery
Tennessee Bar No. 026489
DICKINSON WRIGHT PLLC
424 Church St. Suite 800
Nashville, TN 37219
Telephone: 615-244-6538
SMontgomery@dickinson-wright.com

*Attorney for EchoMAV LLC*

## **CERTIFICATE OF SERVICE**

      I certify that I served a true and correct copy of the foregoing upon the following, and all persons registered to receive electronic notice in this case, via the Court's CM/ECF system on the 19th day of September, 2025:

| | |
|---|---|
| Maurice K. Guinn<br>Gentry Tipton McLemore<br>Riverview Tower, Suite 2300<br>900 South Gay Street<br>Knoxville, TN 37902 | Office of the United States Trustee<br>800 Market Street, Suite 114<br>Knoxville, TN 37902 |

                    /s/ Stephen M. Montgomery