

**SO ORDERED.**
**SIGNED this 14th day of October, 2025**

_____
Suzanne H. Bauknight
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### NORTHERN DIVISION

| | | |
|---|---|---|
| **In re** | ) | **Case No. 3:25-bk-31122-SHB** |
| | ) | |
| **ECHO MAV, LLC,** | ) | **Chapter 7 (Involuntary)** |
| | ) | |
| **Alleged Debtor.** | ) | **Judge Bauknight** |

## AGREED PROTECTIVE ORDER

**IT IS HEREBY ORDERED**, as stipulated and agreed by and between Alleged Debtor

Echo MAV, LLC ("Echo MAV") ("Echo MAV") and Creditor Horizon31, LLC

("Horizon31") (collectively, the "Parties"), through their respective attorneys, that:

Good cause exists to grant a protective order to protect proprietary, trade secret, and

other confidential information from being disclosed to the public.

This Order prohibits the non-litigation use and disclosure, as well as the public release

of the Parties' confidential, proprietary, or private information, while allowing the parties to

this action, *In re Echo MAV LLC*, Case No. 3:25-bk-31122-SHB (this "Action"), access to

discoverable information, thus minimizing any potential harmful effects on the parties. The

Court finds that the parties hereto (as demonstrated by their approval to the form hereof)
properly seek to protect such proprietary and confidential information as well as to protect all
parties herein and non-parties from any annoyance or dissemination of other proprietary
confidential information and any harm that unrestricted disclosure may potentially cause.

Therefore, **IT IS ORDERED** that:

## Proceedings and Information Governed

1.      This Order, and any amendments or modifications hereto ("Protective Order"),
shall govern any document, information or other thing furnished by any Party to any other
Party, or by any non-party served with a subpoena in this Action.  The information protected
includes, but is not limited to, answers to interrogatories; answers to requests for admission;
responses to requests for production of documents; documents and other materials produced in
response to requests for production of documents; deposition transcripts and exhibits; and any
other things produced, given, or filed in this Action that are designated as "Confidential"
Information in accordance with the terms of this Protective Order, as well as to any copies,
excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information
containing, reflecting, or disclosing such information, all of which shall be referred to
hereinafter as "Information."

## Designation and Maintenance of Information

2.      For purposes of this Protective Order:

(a)      the "Confidential" Information designation shall mean that the Information so
designated contains or is comprised of information a Party reasonably and in good faith
believes to contain proprietary information, such as research and development, commercial,
financial, or other sensitive information, or other information required by law or agreement to

2

be kept confidential;

(b)    Confidential Information does not include information that is already in the knowledge or possession of the Party to whom disclosure is made, unless that Party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.    (a)    Information may be designated as follows:

(i)    In the case of documents produced in discovery, by marking each page containing any Confidential Information with the word "Confidential."

(ii)    In the case of written discovery responses, by marking with the appropriate designation both (i) the first or cover page and (ii) each page containing Confidential Information.

(iii)    In the case of electronically stored information ("ESI") in any form, by designating the ESI as Confidential Information in a cover letter accompanying the production of the ESI. Where feasible, counsel for the producing party will also mark the disk or other media on which the ESI is produced with the appropriate designation. If a Party reduces Confidential ESI to hardcopy form, it shall mark the hardcopy with the appropriate designation. Whenever any Confidential ESI is copied, all copies shall be marked with the appropriate designation.

(b)    A Party may designate Information disclosed at a deposition as Confidential by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. All deposition transcripts will be deemed Confidential Information until 14 days of receipt of the transcript by the parties has passed. Within this 14 days, a Party may designate in writing to the other parties those portions of the testimony in the transcript that the

designating party is designating as Confidential Information. If no such designation is made either at the deposition or within 14 calendar days after receipt of the transcript, the transcript will be considered to contain no Confidential Information. Any testimony designated Confidential Information shall be marked and treated in the same manner as documents covered by this Protective Order. All video recordings of depositions shall be clearly labeled Confidential Information, as appropriate, pursuant to this Protective Order.

**Inadvertent Failure to Designate**

4.      The inadvertent failure to designate or withhold any Information as Confidential Information or as subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity will not be deemed to waive a later claim as to its confidential or privileged nature, or to prevent the producing party from designating such information as Confidential Information or privileged at a later date, in writing and with particularity. The Information shall be treated by the receiving party as confidential or privileged from the time the receiving party is notified in writing of the change in the designation.

The inadvertent production by a producing party of information subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced information is made promptly after the producing party learns of its inadvertent production.

Upon a request from any producing party who believes it has inadvertently produced information that is privileged and/or protected and/or otherwise not subject to discovery in this matter, each receiving party shall immediately destroy or return such information (including

all copies) to the producing party. The producing party shall within a reasonable time provide the receiving party with a privilege log of any such returned or destroyed material that identifies the basis for it being withheld from production. Notwithstanding this provision, no Party, Party representative, or attorney is required to delete information that may reside on the respective Party's, Party representative's, or attorney's electronic back-up systems that are over-written in the normal course of business.

### Challenge to Designations

5.       Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have five (5) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this five (5) business day period, the receiving party may at any time thereafter seek a Court order to alter the challenged designation. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect.

### Disclosure and Use of Confidential Information

6.       Information designated as Confidential Information may only be used in connection with prosecution of the parties' respective claims and defenses in this Action, and in *Echo MAV, LLC v. Horizon31, LLC and Brad Stinson*, Case No. 3:25-cv-00401 in the United States District Court for the Eastern District of Tennessee, provided however, in the event either Party intends to disclose or otherwise use Confidential Information received from a disclosing Party in connection with this Action, the receiving Party shall provide the disclosing Party with notice and an opportunity to object to the use of the Confidential Information at least 7 days prior to the date of the planned use or disclosure, unless a shorter

notice period is required by Court Order, in which case the receiving Party shall provide as much notice as is reasonably practicable.

7.     Subject to Paragraphs 6 and 8 hereof, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of this Protective Order: (a) the Parties; (b) employees of the receiving party required in good faith to assist counsel in the conduct of this Action; (c) in-house counsel of the receiving party; (d) outside counsel for the receiving party; (e) supporting personnel employed by (c) and (d), such as paralegals, legal secretaries, data entry clerks, and legal clerks; (f) experts or consultants who are not regular employees of a Party but who are retained by a Party to assist in the preparation of this Action; (g) actual or potential witnesses who are currently employed by the producing party, who were employed by the producing party at the time the material was created, or who created and received the material outside the context of this Action; (h) outside photocopying, graphic production services or other litigation support services employed by a Party or its counsel; (i) court reporters, videographers, and stenographers; and (j) the Court and Court personnel, and any court, including court personnel, hearing an appeal from a judgment or order rendered by the Court in this Action.

8.     Prior to disclosing Confidential Information to a receiving party's proposed expert or consultant, such person shall be provided a copy of this Protective Order, be informed of its contents, and required to execute a copy of the Acknowledgment annexed to this Protective Order as Exhibit A thereby confirming his or her agreement to be bound by the terms of this Protective Order. Persons shown Confidential Information shall not use the Confidential Information for any purpose unrelated to this litigation.

**Non-Party Information**

9.      The existence of this Protective Order shall be disclosed to any non-party

producing Information in this action who may reasonably be expected to desire confidential

treatment for such Information. Any such non-party may designate Information it provides as

Confidential Information pursuant to this Protective Order.

**Filing Documents with the Court**

10.      If a receiving party wishes to submit Confidential Information of a disclosing

party in connection with a paper filed with the Court, the receiving party shall confer with the

disclosing party at least three (3) days prior to filing the paper, and seek the disclosing party's

consent to file the information with the Court through the CM/ECF system in the usual

manner.  If the disclosing party does not consent to such use and filing in the usual manner, the

receiving party shall move to file the paper containing the Confidential Information under seal

in accordance with the applicable Local Rules of Court.  The Parties will comply with any

order of the Court addressing whether the Confidential Information may be filed under seal.

Nothing contained herein shall prevent a disclosing party from filing its own Confidential

Information in the usual manner, which Confidential Information shall remain fully protected

subject to this Protective Order, except that, once the disclosing party has filed Confidential

Information with the Court in the usual manner in support of a motion, brief or other paper,

other Parties may similarly file the same information with the Court in the usual manner in

support of their responses or replies to any such papers.

**No Prejudice**

11.      Producing or receiving Information, or otherwise complying with the terms of

this Protective Order, shall not (a) operate as an admission by any Party that any particular

Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of Information that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular Information be produced; (d) prejudice the rights of a Party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Information. The Parties reserve the right to apply to the Court for any order modifying the Agreed Protective Order or seeking further protections against discovery or other use of Confidential Information. Any protected third party requiring further confidentiality protection than is provided by this Protective Order may petition the Court for a separate order governing disclosure of its Confidential Information.

**Conclusion of Litigation**

12.      All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this Action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a Party in the possession of designated information, other than that which is contained in unsealed pleadings, correspondence, and deposition transcripts, shall either (a) return such information no later than thirty (30) days after conclusion of this Action or any appeal to counsel for the Party who provided such information, or (b) destroy such information within thirty (30) days after conclusion of this Action or any appeal, upon consent of the Party who provided the information and certify in writing within thirty (30) days that the information has been destroyed. The information referred to in this paragraph shall include Confidential Information, whether said material is in counsel's possession or in the possession of any

authorized person to whom counsel disclosed such material. Additionally, at the conclusion of this thirty (30) day period identified above, counsel shall provide to opposing counsel each and every executed Acknowledgement concerning the return of Confidential Information. However, outside counsel for any Party shall be entitled to retain all court papers, depositions and trial transcripts, exhibits and attorney work product, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

### Amendments, Modifications, Relief from Order

13.     Nothing herein shall prevent any Party, having good cause to do so, from bringing a motion before the Court to amend or modify the terms of this Order, or to seek relief from this Order. Additionally, nothing herein shall prevent any Party from objecting to discovery that it believes to be otherwise improper.

### Responsibility of Attorneys

14.     The counsel for the Parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information.

15.     Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of any Confidential Information.

###

Respectfully submitted,

| | |
|---|---|
| **DICKINSON WRIGHT PLLC** | **GENTRY, TIPTON & MCLEMORE P.C.** |
| By: /s/ Stephen M. Montgomery | By: /s/ *Maurice K. Guinn (with permission)* |
| Stephen M. Montgomery, Esq., # 026489 | Maurice K. Guinn |
| 424 Church Street, Suite 800 | P.O. Box 1990 |
| Nashville, Tennessee 37219 | Knoxville, TN 37901 |
| (615) 620-1712 | (865) 525-5300 |
| (844) 670-6009 Fax | Fax: 865-523-7315 |
| smontgomery@dickinson-wright.com | Email: mkg@tennlaw.com |
| *Counsel for Alleged Debtor Echo MAV, LLC* | *Counsel for Creditor Horizon31, LLC* |

### EXHIBIT A – ACKNOWLEDGEMENT

State of _____

County of _____

1. My name is _____. I live at _____.

I am employed as _____ by

_____.

       2.      I am aware that a Protective Order has been entered in the action styled *In re Echo MAV LLC*, Case No. 3:25-bk-31122-SHB (the "Action"), and a copy of that Protective Order has been given to me.

       3.      I promise that I will use the Confidential material as defined under the Protective Order and abide by the provisions of the Protective Order.

       4.      I promise that I will not disclose or discuss such Confidential material with any person other than counsel of record for the Parties or members of their staff who are actively engaged in the preparation of this Action as deemed necessary by said counsel for the defense or prosecution of the Action.

       5.      I understand that I am prohibited by the terms of the Protective Order from entering any Confidential material onto any electronic storage system, other than a compact disc or external hard drive, unless I am doing so in connection with directly assisting counsel to prepare for litigation. Specifically, I am prohibited from entering any confidential material onto a computer database and/or a computer hard drive.

       6.      I promise that I will not attempt or assist in any attempt to seek permission from any other court to access Confidential material produced in this Action for use in other litigation or for any other purpose.

7.      I understand that any use of the Confidential material in any manner contrary to the provisions of the Protective Order or this Acknowledgement may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce such an order.

8.      I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order.

9.      I understand that violating the terms of the Protective Order or this Acknowledgement could result in civil sanctions levied by the Court, as well as criminal penalties.

10.      Within thirty (30) days of final termination of this action (the earlier of execution of a settlement agreement or entry of Judgment), I will return to the counsel of record that provided me the Confidential material all material still in my possession.  I promise that under no circumstances will I retain any originals or duplicate of any Confidential material.  I assume all responsibility for returning the Confidential material to the counsel of record as set forth herein, and I bear all risks associated with purported loss, destruction, or inadvertent disclosure of such material that has been entrusted to my care.  My failure to return all Confidential material will be deemed a disclosure of the information in violation of the Protective Order and this Acknowledgment, which may subject me to sanctions.  I expressly agree to pay all reasonable attorneys' fees, costs, and expenses associated with the enforcement of this paragraph in order to obtain my compliance with it, in addition to any sanctions the Court may impose.

Date:_____          Signed:_____

2